# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL O. WAFFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-05-998-R |
| | ) |
| EDWARD L. EVANS, et al., | ) |
| | ) |
| Respondent. | ) |

## O R D E R

Before the Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered December 9, 2005. Also before the Court is Petitioner's Objection to the Report and Recommendation filed January 19, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

The Magistrate Judge concluded that grounds one and three of the Petition herein were barred by Petitioner's procedural default of those claims in state court and that Petitioner had failed to show cause for failing to raise them and prejudice resulting therefrom. Specifically, the Magistrate Judge concluded that Petitioner had failed to show that his appellate counsel's assistance was constitutionally ineffective (ground two) and, in that regard, that the decision of the Oklahoma Court of Criminal Appeals (OCCA) in Petitioner's post-conviction appeal that appellate counsel's assistance was not ineffective was not contrary to or an unreasonable application of the governing *Strickland*[1] standard nor an

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

unreasonable determination of the facts in light of the evidence presented at trial. Report and Recommendation at p. 15. The Magistrate Judge also concluded that Petitioner did not rely on the fundamental miscarriage of justice exception to the procedural bar and had not by credible evidence shown his "actual innocence." *Id*. at 15-16. With respect to the remainder of the grounds included in the Petition, which Petitioner raised in his state court appeal, the Magistrate Judge concluded that the OCCA's dispositions of Petitioner's claims were not contrary to or unreasonable applications of Supreme Court precedent nor unreasonable determinations of the facts in light of the evidence presented at Petitioner's trial. *See* Report and Recommendation at pp. 20 & 25. Accordingly, the Magistrate Judge recommended that the Petition be denied.

Petitioner raises the following objections to the Magistrate Judge's Report and Recommendation. First, Petitioner asserts that his trial counsel's assistance was constitutionally ineffective because he or she failed to adequately investigate, did not object to the prosecution using Petitioner's alleged prior burglary conviction and stipulated to the alleged prior burglary conviction during the second stage of Petitioner's trial. *See* Objection at pp. 2-7. Petitioner asserts that adequate investigation would have revealed that Petitioner had not been previously convicted of burglary in the second degree, because no sentence was imposed, that he was "factually innocent" of such a conviction. *See id*. at pp. 3 & 5. Secondly, Petitioner asserts that his procedural default was due to the ineffective assistance of his appellate counsel in failing to discover trial counsel's ineffectiveness regarding the "sentencing error." *See id*. at 8. In this regard, Petitioner asserts that the State courts'

rejection of his claim for ineffective assistance of appellate counsel constituted an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id*. at p. 8. Petitioner asserts that there is a possibility that but for appellate counsel's failure to discover the sentencing error, modification of Petitioner's sentence to that of a first-time offender or resentencing would have been ordered by the OCCA. *Id*. Petitioner makes a number of arguments directed to a claim for the ineffective assistance of trial counsel in connection with the search of an apartment at which Petitioner was found, the seizure of evidence found there and the introduction of that evidence, the adequacy of the affidavit supporting the search warrant, alleged knowingly false information in the search warrant affidavit, and an alleged pretextual traffic stop of Petitioner to obtain information to support an application for a search warrant. See Objection at pp. 9-16. Petitioner also argues that trial counsel was constitutionally ineffective by "opening the door" to allow introduction of evidence of a controlled buy of drugs from Petitioner by a confidential informant. *See id*. at pp. 17-18. Finally, Petitioner argues that appellate counsel was constitutionally ineffective in failing to raise ineffective assistance of trial counsel and illegal exploitation of a controlled drug buy to conduct an unlawful search and seizure and ineffective assistance of trial counsel in stipulating to Petitioner's alleged prior conviction without Petitioner's voluntary consent. *Id*. at pp. 18-22.

   The Court agrees with the Magistrate Judge's conclusion that the OCCA's decision that Petitioner had not shown that his appellate counsel was constitutionally ineffective in failing to raise ineffective assistance of trial counsel on direct appeal was not contrary to or

an unreasonable application of *Strickland* nor an unreasonable determination of facts in light of the evidence presented at trial. Petitioner's underlying claims of ineffective assistance of trial counsel are without merit. A conviction based upon a plea of "nolo contendere" or "no contest" is as much a conviction that may be used to enhance a sentence as one based upon a guilty plea, *see Williams v. State*, 22 P.3d 702, 725 (Okla. Crim. App. 2001); *Cannon v. State*, 961 P.2d 838, 854 (Okla. Crim. App. 1998), even if the sentence received for the conviction is suspended and there is no time to do. Neither the Affidavit for Search Warrant (Exhibit "9" to Respondent's Response to Petition for Writ of Habeas Corpus) nor the search warrant were deficient for the reasons argued by Petitioner. Even without the alleged traffic stop of Petitioner, there was probable cause for issuance of the search warrant. Hence, trial counsel's failure to move to suppress evidence from the search was not objectively unreasonable. Evidence of the controlled drug buy was admissible in evidence, regardless of whether Petitioner's trial counsel had "opened the door" to the prosecutor's questions concerning it to show Petitioner's knowledge of the drugs and intent to distribute, see Summary Opinion of the OCCA in Case No. F-2002-1470 (Nov. 25, 2003) (Exhibit "3" to Respondent's Response to Petition for Writ of Habeas Corpus) at p. 3, and to rebut Petitioner's denial of any knowledge or possession of the drugs found in the apartment. *See* Report and Recommendation at p. 25. Furthermore, although trial counsel apparently inadvertently opened the door to introduction of evidence of the controlled buy, he did object to introduction of that evidence. But even if trial counsel's "opening the door" to the evidence was unreasonable professional assistance, in light of the overwhelming evidence

of Petitioner's guilt, there is no reasonable probability that but for trial counsel's alleged error, the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674, 698 (1984). Accordingly, appellate counsel's failure to raise these claims for ineffective assistance of trial counsel on appeal was not constitutionally ineffective assistance.

In accordance with the foregoing, the thorough and correct analysis of the Magistrate Judge in his Report and Recommendation is ADOPTED in its entirety and the petition of Michael O. Wafford for a writ of habeas corpus is DENIED.

**It is so ordered this 6th day of February, 2006.**

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE